UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATAHDIN TRUST COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil no. 1:13-cv-00062-JAW |
| STARCH PARTNERS, LLC, | ) |
| STARCH REALTY ASSOCIATES, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER CONFIRMING PUBLIC SALES OF CERTAIN REAL AND PERSONAL PROPERTY OF DEFENDANTS STARCH PARTNERS, LLC AND STARCH REALTY ASSOCIATES, LLC CONSTITUTING THE RECEIVERSHIP PROPERTY**

On the Motion for Order Confirming Public Sales of Certain Real and Personal Property of Defendants Starch Partners, LLC and Starch Realty Associates, LLC Constituting the Receivership Property dated June 5, 2013 (the "Motion"),[1] of Aurora Management Partners Inc., in its capacity as Court-Appointed Receiver (the "Receiver") of the "Receivership Property," as that term is defined in this Court's March 1, 2013 Order Appointing Receiver (the "Appointment Order") entered in this action, requesting that this Court confirm the sale of the Plant and Equipment to LTWAW, LLC ("LTWAW") and the Food Grade Starch Inventory to Penford Corporation ("Penford") free and clear of any and all liens, claims, encumbrances, and rights of redemption, excepting current real estate and personal property taxes not yet due and payable;

After notice to Plaintiff, Katahdin Trust Company ("KTC"), Defendants, Starch Partners, LLC, d/b/a Aroostook Starch Company ("Starch Partners"), Starch Realty Associates, LLC ("Starch Realty") (together, the "Starch Defendants"), the Finance Authority of Maine ("FAME"), the Northern Maine Development Commission, Inc. ("NMDC"), and the United

---

[1] Unless otherwise specified herein, all capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

States Small Business Administration ("SBA"), the parties having had an opportunity to be heard, and after a hearing before this Court/no hearing being necessary, no party having objected to the Motion/all objections to the Motion having been withdrawn, resolved or overruled at the hearing, for the reasons stated on the record;

The Court having previously authorized the Receiver to sell all or any portion of the Receivership Property in accordance with the Bid and Sale Procedures approved in the Bid and Sale Procedures Order; and

The Court finding that (a) the Receiver has complied with the Bid and Sale Procedures and applicable law in all respects, (b) the sale of the Plant and Equipment to LTWAW pursuant to the terms described in the Motion is reasonable and appropriate and complies with the Bid and Sale Procedures, (c) the sale of the Food Grade Starch Inventory to Penford pursuant to the terms described in the Motion is reasonable and appropriate and complies with the Bid and Sale Procedures, (d) the sales of the Plant and Equipment and the Food Grade Starch Inventory and the granting of the Motion are in the best interest of the receivership estate and its creditors, and (e) neither LTWAW nor Penford has any interest, beneficial or otherwise, in the Receiver, nor does the Receiver have any interest, beneficial or otherwise, in either LTWAW or Penford, the Receiver is not affiliated with either LTWAW or Penford in any way, and the legitimate interests of LTWAW and Penford would be unfairly frustrated if the sales are not confirmed.

**IT IS, THEREFORE, HEREBY ORDERED THAT** the Motion is hereby GRANTED in all respects;

**IT IS FURTHER HEREBY ORDERED THAT** the Court hereby APPROVES and CONFIRMS the sale of the Plant and Equipment to LTWAW free and clear of any and all liens, claims, encumbrances, and rights of redemption, excepting current real estate and personal property taxes not yet due and payable, which shall transfer, affix, and attach to the proceeds of

the sale with the same force, validity, priority, and effect as they may have at the time of the sale in the same order of priority as applicable to such Receivership Property, as set forth in the Motion in all respects, and the Receiver is authorized and directed to consummate and finalize the sale to LTWAW, to execute such documents as may be required, and to disburse the proceeds from the sale in accordance with the provisions of the Appointment Order;

**IT IS FURTHER HEREBY ORDERED THAT** the Court hereby APPROVES and CONFIRMS the sale of the Food Grade Starch Inventory to Penford free and clear of any and all liens, claims, encumbrances, and rights of redemption, excepting current real estate and personal property taxes not yet due and payable, which shall transfer, affix, and attach to the proceeds of the sale with the same force, validity, priority, and effect as they may have at the time of the sale in the same order of priority as applicable to such Receivership Property, as set forth in the Motion in all respects, and the Receiver is authorized and directed to consummate and finalize the sale to Penford, to execute such documents as may be required, and to disburse the proceeds from the sale in accordance with the provisions of the Appointment Order; and

**IT IS FURTHER HEREBY ORDERED THAT**, in accordance with the provisions of the Appointment Order, this Order is a final order unless (a) a timely motion for rehearing or timely appeal as of right is filed, and (b) the order is stayed within such period upon posting a bond in the amount of the purchase price both with respect to the sale to LTWAW and the sale to Penford and such other conditions as may be deemed appropriate by this Court, as may be required by applicable law or rule.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2013